DELATOUR BEVERAGE CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10892.   Promulgated June 6, 1928.

*Nathan Feinberg, C. P. A.,* for the petitioner.
*Joseph K. Moyer, Esq.,* for the respondent.

OPINION.

MURDOCK: The petitioner is entitled to deduct a reasonable allowance for the exhaustion, wear and tear of property used in its trade or business. This allowance in the case of this petitioner should be based upon the cost of the property. We are unable to determine from the evidence the cost of the property which the petitioner acquired from its predecessor. The petitioner gave stock for this property and we do not know the value of the stock or the value of the assets. Consequently, we can not determine the proper amount to allow for the exhaustion, wear and tear of this property.

The petitioner's books indicate that during 1919 it acquired and paid for certain equipment. Whether the equipment acquired represented capital assets or merely represented repair parts we are unable to determine and even if we were able to determine this we do not know the period of the probable useful life of this equipment, and we can not determine a reasonable allowance for the exhaustion, wear and tear of this property.

The books of the petitioner also indicate that during 1920 the petitioner acquired and paid for certain property. From these entries it seems clear that on April 3, the petitioner acquired certain conveying machinery for $3,829.43, including freight; that on May 21, it acquired a filling machine at a cost of $4,762.80, and a machine for capping, crowning and labeling bottles at a cost of $5,436.00; that on June 7, it acquired a bottle washer at a total cost of $169.09, and on some date in July, a filling machine at a cost of $1,313.00; and that on September 28, it acquired a nailing machine at a cost of $916.51. From the evidence it appears that the conveying machine had a probable useful life of 15 years; that the filling machines had a probable useful life of 6 years; that the crowning, capping and labeling machine had a probable useful life of 10 years; that the bottle washer

had a probable useful life of 7 years; and that the nailing machine had a probable useful life of 5 years. An allowance for the exhaustion, wear and tear of these machines should be computed from the respective dates on which they were acquired, based in each instance on the probable useful life as above indicated.

In regard to any other equipment which the petitioner may have used during the year 1920, either we are unable to determine its probable useful life from the evidence, or we are unable to determine from the book entries that they represent capital assets upon which an allowance for exhaustion, wear and tear should be computed.

The petitioner in its closing inventory for 1920, included certain bottles at market, which was substantially higher than cost. The opening inventory for the year had been taken at cost. Under the circumstances the petitioner's closing inventory should be reduced by $16,575, the excess of the market value over the cost of these bottles.

The evidence does not indicate that the petitioner acquired any good will from its predecessor. If, perchance, any good will, trade-marks, and formulae were acquired by the petitioner from its predecessor, the evidence does not establish the cost of these assets to the petitioner. We are unable to determine that during the year 1920 the petitioner had good will, trade-marks, and formulae of any particular value, or that the Commissioner made any error in his computation of the petitioner's invested capital.

No evidence was offered in regard to worthless debts and on this point we must affirm the Commissioner.

Neither the petitioner's income-tax return for the year 1920 nor any letter of the Commissioner indicating the method by which he computed the deficiency in question was made a part of the record in this case, and we.are unable to determine any fact in connection with the last error alleged by the petitioner. However, the Commissioner did not deny that he made some such error as was alleged, and inasmuch as it is a mere mathematical error, it can be corrected on recomputation under Rule 50.

*Judgment will be entered under Rule 50.*